UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION



DOCKET NO. 1:07CR122

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **PRELIMINARY ORDER** |
| v. ) | **OF FORFEITURE** |
| ) | |
| GUY KENNETH PENLAND ) | |
| ) | |
| Defendant. ) | |

The Court has determined, based upon the Bill of Indictment, the eleven Verdicts of guilty entered by the jury, the Special Verdict of forfeiture of criminal proceeds of $287,776.00 entered by the jury, the Judgment entered by the Court, and upon the Motion for a Preliminary Order of Forfeiture filed by the United States on December 28, 2009, that the property of the defendant listed below should be forfeited as substitute property pursuant to 21 U.S.C. § 853(p) and Rule 32.2(e).

It is therefore ORDERED:

1. The following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

   **Real property at Deertrack, No. 5-E, 1850 Colony Drive, Surfside Beach, South Carolina, as recorded in Deed Book 2580, page 397, of the land records of Horry County, South Carolina;**

   **Real property at 55 Surf Wells Mountain, Wayne, West Virginia, at Book 522, Page 607, of the land records Wayne County, West Virginia;**

   **2001 Mercedes-Benz automobile, Vin No. 4JGAB54E61A262484.**

2. The Attorney General (or his designee) is authorized to seize the forfeited property

1

subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish three times in a newspaper of general circulation, notice of this order and of its intent to dispose of the property in such manner as the United States may direct. In lieu of newspaper publication, the government may publish notice on the internet as permitted by law. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve

factual issues.

6. This Preliminary Order of Forfeiture shall become final as to the defendant at the time of entry. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Upon adjudication of any third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

This the 29th day of December, 2009.

_____
THOMAS SELBY ELLIS, III
UNITED STATES DISTRICT JUDGE