UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION



DOCKET NO. 1:07CR122

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GUY KENNETH PENLAND )<br>)<br>)<br>) | **CONSENT ORDER APPROVING**<br>**SETTLEMENT AGREEMENT**<br>**CONCERNING FORFEITURE** |

WHEREAS, a jury convicted Guy Kenneth Penland (Penland) of six felony counts, and this Court, on October 24, 2008, sentenced him to a term of imprisonment of sixty months, and a term of supervised release of three years, both of which terms have been served, Doc. 250; and

WHEREAS, as part of his sentence, the Court also entered a money judgment in forfeiture against Penland in the amount of $287,776.00, jointly and severally with co-defendant Bobby Lee Medford, *id.*; and

WHEREAS, this compromise and settlement for a sum certain weighs certain factors, including the expense and risk to the United States inherent in the collection and execution process associated therewith; Penland's age (84); his limited income from Social Security and assets; and the indirect effects on the Penland family of the liquidation of properties owned by Penland for a substantial period (approximately 20-40 years) prior to the wrongful conduct for which he was convicted; and, therefore, Penland's liability is hereby stipulated in the total amount of $115,110, that is 80% of one-half of the money judgment of $287,776.00, taking into consideration the expenses of possession, maintenance, sale and delivery of the subject properties; and

1

WHEREAS, pursuant to the money judgment against, and without opposition by Penland, a Preliminary Order of Forfeiture was entered against Penland for the forfeiture of two real properties and a vehicle on December 29, 2009, with an original estimated market value of $28,100, Doc 306; and, therefore, the United States and Penland herein stipulate that $28,100 shall be credited toward the balance of the amount of the money judgment owed by Penland, as set forth above; and

WHEREAS, as a consequence of his liability for the money judgment in this case, Penland, beginning in January 2016, was placed on United States Department of the Treasury Offset Program, whereby the amount of $243.45 has been deducted from his Social Security monthly payment and will continue to be deducted and credited toward the remaining balance of the money judgment owed by Penland, as set forth above, until, together with other provisions in this Consent Order, his liability for the money judgment, as set forth above, is satisfied; and

WHEREAS, Penland is the owner of the real property described in Deed Book 929, Page 56, Buncombe County Registry, free and clear of liens; that Penland has received an informal but professional valuation of said property in the estimated amount of $55,000 to $60,000 on the open market; that the parties agree and intend that the subject property shall be sold at or near fair market value to generate proceeds from which to satisfy, or partially satisfy, the money judgment and that Penland shall have the opportunity to sell the subject property privately to maximize both the proceeds available to the United States and the credit toward the money judgment of Penland; and, therefore, Penland shall list the subject property for sale with a professional realtor pursuant to a standard real estate agency contract, of a duration of no more than six (6) months, within thirty (30) days of the entry hereof at a sale price at or as close to said informal estimate as determined by said real estate professional, with the advice and consent of Penland; that Penland shall provide a

copy of said real estate agency contract to the United States within ten (10) days of execution and shall have the sole discretion during the pendency of the real estate agency contract to accept, decline or negotiate any offer to purchase; the United States has been advised that Penland has incurred legal expenses in the negotiation of this agreement in excess of $1500; if a contract to purchase is entered into between Penland and a third party during the pendency of the subject real estate agency contract and a closing on said contract shall occur within a reasonable period thereafter, Penland shall pay his ordinary and reasonable closing costs plus the sum of $1500 for incurred attorney fees of Paul Louis Bidwell not associated with the real estate closing, from the sales proceeds; all remaining net proceeds shall be paid to the United States in partial payment of the balance of the money judgment, as set forth hereinabove; in the event, however, that Penland shall fail to exercise good faith or reasonable efforts to meet his obligations set forth in this paragraph, he shall convey the subject real property to the United States upon demand; in the event that he shall fail to obtain a sale of the subject property, despite good faith and reasonable efforts, within the time frame(s) set out herein, he shall convey the subject real property to the United States by general warranty deed within thirty (30) days of the expiration of real estate agency contract; in either event, thereafter, the United States shall use all reasonable efforts to effect a sale at fair market value and shall credit the net proceeds from the sale thereof to the remaining balance of the money judgment, as set forth above; and

WHEREAS, Penland, the one-third owner of a real property at Mack Shack Road, Washington, Wilkes County, Georgia, parcel # 059 027, at the Wilkes County Registry of Deeds, Book 173, Page 424, agrees to make every reasonable, good faith, and immediate effort to sell his interest in that real property and turn over the proceeds of that sale to the United States in partial payment of his liability for the money judgment; and

3

WHEREAS, in the event that this Order is registered publicly prior to the sale of any of the subject properties, as set forth in the preceding paragraphs, NOTICE is hereby given to prospective purchasers of the subject property(ies) that each party hereto intends to obtain a sale thereof at or near fair market value within a reasonable time period; and

WHEREAS, the United States agrees to waive interest on the money judgment in forfeiture upon Penland's reasonable compliance with the terms hereof; and

WHEREAS, Penland agrees that upon his death, his estate shall sell and liquidate such portion or all of the property of his estate, whether real or personal, tangible or intangible, as may be necessary to pay in full and satisfy the balance of Penland's liability for the money judgment, as set forth herein, and that such property includes the real properties at 55 Robinwood Road, Asheville, North Carolina, at Deed Book 902, Page 402, Buncombe County Register of Deeds, subject to a Deed of Trust in favor of First Union National Bank at Book 2442, Page 399, and at 50 Robinwood Road, Asheville, North Carolina, recorded at Book 1343, Page 568, Buncombe County Register of Deeds, and subject to a Deed of Trust in favor of United States Government at Book 4514, Page 1; and

WHEREAS, Penland shall not sell, convey or liquidate any real property unless he shall receive fair market value therefor; in the event that Penland shall sell, convey or liquidate any real property prior to his demise, he shall notify the United States and pay an amount up to the entirety of net proceeds, except as required by law to satisfy prior liens, from the conveyance thereof toward the remaining balance of the forfeiture judgment referenced herein, and the United States shall accept such proceeds and apply the same to the balance thereof; in the event, however, that such a sale(s) shall produce net proceeds in excess of the money judgment, such proceeds shall remain the property of Penland; and

4

WHEREAS, Penland shall not pledge or hypothecate as security in any future transaction the real properties located at 50 and 55 Robinwood Road, Asheville, North Carolina, and Mack Shack Road, Washington, Georgia, without prior written permission of the United States, or convey the same to any other entity without receiving fair market value in consideration thereof; further, the Penland shall ensure that all taxes and liability insurance associated with said real property are paid in full on a timely basis and the intentional failure to do so shall constitute a default in the terms hereof; and

WHEREAS, the United States shall forego execution and/or collection on the money judgment, except as provided herein, so long as Penland faithfully complies with the terms hereof; and

WHEREAS, the United States shall not assess any other fines or penalties in this matter against the agreed upon balance of the money judgment, as set forth herein, and, upon payment in full, the United States shall cancel and notate any judgment, verdict or lien of record against Penland associated therewith as paid in full and satisfied; and

WHEREAS, the United States and Penland agree that this Order shall be binding upon Penland's heirs, devisees, representatives, successors and assigns; and

WHEREAS, the United States and Penland agree that this Order shall be filed in the civil listings and real property registries of deeds of Buncombe County, North Carolina, and Wilkes County, Georgia;

NOW, THEREFORE, the Court approves the agreements and stipulations stated above, and confirms the following:

1. That the Guy Kenneth Penland's total indebtedness under the forfeiture money judgment in

this case is set at $115,110.00;

2. Guy Kenneth Penland is entitled to a further reduction of this forfeiture judgment in the amount of $28,100.00 as a result of prior properties that have been forfeited;

3. Guy Kenneth Penland shall be entitled to further credits against this forfeiture judgment for Treasury Offset Program payments, to the extent paid, and future payments or proceeds from the sale or disposition of certain assets as described above;

4. Except as provided above, the parties shall pay their own costs and attorney's fees with respect to this matter.

It is SO ORDERED

With Consent

_____
Guy Kenneth Penland

_____
Paul Bidwell
Counsel to Guy Kenneth Penland


Jill Westmoreland Rose
United States Attorney

_____
Paul B. Taylor
Assistant United States Attorney
Chief, Civil Division

This the 24th day of August, 2016.

/s/ 8/26/16
_____
T. S. Ellis, III
United States District Judge

_____
THOMAS SELBY ELLIS, III
UNITED STATES DISTRICT JUDGE

6